UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BADCO MUSIC, INC.; VAN HALEN
MUSIC; GUNS N' ROSES MUSIC;
HIDEOUT RECORDS AND DISTRIBUTORS,
INC., Gear Publishing Division; IMPULSIVE
MUSIC; CREEPING DEATH MUSIC;
THE 1992 DIANE WARREN TRUST
*d/b/a* Realsongs and Songs of Mosaic,                      1:05-CV-0688
                                                             (LEK/RFT)
                    Plaintiffs,

    -against-

NORTHERN LIGHTS, INC.; J. KIP FINCK,

                    Defendants.
_____

## ORDER

    Plaintiffs Badco Music, Inc., *et al*. ("Plaintiffs") brought this action against Defendants for violations of Federal Copyright Law under Title 17 of the United States Code, and pursuant to 28 U.S.C. § 1338(a).  See Complaint (Dkt. No. 1).

    The above-captioned Defendants, Northern Lights, Inc. and J. Kip Finck, have failed to file Answers or other responsive papers to the Complaint - and their time to do so has expired - thereby violating Federal Rule of Civil Procedure 12.  See FED. R. CIV. P. 12(a); United States v. Alcan Aluminum Corp., No. 5:03-CV-0765 (NPM/RFT), 2006 WL 1133291, at *5 (N.D.N.Y. Apr. 26, 2006) (McCurn, Senior D.J.).  On August 15, 2005, Plaintiffs filed a Request for Entry of Default against Defendants, pursuant to Federal Rule of Civil Procedure 55 and Northern District Local Rule 55.1, which the Clerk's Office for the Northern District of New York entered on September 6,

2005.  See Request for Entry of Default (Dkt. No. 5); Clerk's Entry of Default (Dkt. No. 6); FED. R. CIV. P. 55(a); N.D.N.Y. L.R. 55.1.

Plaintiffs have now moved for default judgment against Defendants.  See Motion for Default Jdmt. (Dkt. No. 8).

Following review of the Record and the submissions of Plaintiffs, as well as the relevant statutes and case law, and after considering all of the relevant factors to be weighed in this matter, the Court finds that the amounts requested by Plaintiffs are due to Plaintiffs in this matter deriving from Defendants' repeated violations of copyright law, *to wit*:  statutory damages/penalties of six thousand dollars ($6,000.00) per work infringed, for a total of forty-eight thousand dollars ($48,000.00) (pursuant to 17 U.S.C. § 504), as well as attorney's fees and costs (pursuant to 17 U.S.C. § 505), with the Court finding that the fees requested fall within the realm of reasonable fees charged within this District for the work of attorneys of similar skill levels and experience.  The Court, thus, grants Plaintiffs' Motion for default judgment against Defendants.  And, the Court further finds that Plaintiffs have met the requirements for showing that a permanent injunction is proper in this case.  Copyright owners are entitled to the issuance of a permanent injunction to protect their works from repeated infringement "when liability has been established and there is a threat of continuing violation."  Barnaby Music Corp. v. Catoctin Broad. Corp. of New York, No. CIV-86-868E, 1988 U.S. Dist. LEXIS 15394, at *9 (W.D.N.Y. Aug. 9, 1988) (citing, *inter alia*, Encyclopedia Britannica Educ. Corp. v. Crooks, 542 F. Supp. 1156, 1187 (W.D.N.Y. 1982)).  Therefore, the Court hereby orders that Defendants are permanently enjoined (pursuant to 17 U.S.C. § 502) from any further unauthorized or unlicensed performance of any of the works in the repertory

of Plaintiffs or the American Society of Composers, Authors and Publishers ("ASCAP") (with whom Plaintiffs are associated).

Based upon the foregoing, it is now

**ORDERED**, that Plaintiffs' Motion for Default Judgment (Dkt. No. 8) is **GRANTED**.  The Clerk shall enter Default Judgment against Defendants, jointly and severally, in the amount of **FORTY-EIGHT THOUSAND DOLLARS ($48,000.00)** - representing statutory damages/penalties of **six thousand dollars ($6,000.00) per work infringed**; and it is further

**ORDERED**, that Plaintiffs are awarded what this Court finds to be reasonable **attorney's fees and costs** in the amount of **NINE THOUSAND ONE HUNDRED AND SEVENTY-NINE DOLLARS AND SEVENTY-SEVEN CENTS ($9,179.77)**; and it is further

**ORDERED**, that the Court hereby issues a **PERMANENT INJUNCTION** against Defendants, and, thus, Defendants are **PERMANENTLY ENJOINED** from any further unauthorized or unlicensed performance of any of the works in the repertory of Plaintiffs or the American Society of Composers, Authors and Publishers (with whom Plaintiffs are associated); and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     August 28, 2006
           Albany, New York

Lawrence E. Kahn
U.S. District Judge

3